UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN FERNANDO MEJIA BANEGAS, Reg. No. 097904694,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOE #1; JOHN DOE #2,<br><br>Defendant. | Case No.: 3:18-CV-2670-GPC-JLB<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

Juan Fernando Mejia Banegas ("Plaintiff"), a federal immigration detainee at the Central Arizona Florence Correctional Complex ("CAFCC") located in Florence, Arizona, and proceeding pro se, has filed a civil rights Complaint, together with a Motion to Proceed In Forma Pauperis ("IFP") (ECF Nos. 1, 2). Plaintiff has also filed a "Motion to Compel Issuance of a Certified Trust Account Statement from Core Civic." (ECF No. 3.) However, because Plaintiff does not meet the definition of a "prisoner" for reasons set forth below, he is not required to provide his trust account statement. Thus, Plaintiff's Motion to Compel is DENIED as moot.

**I.     Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

"Unlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002). As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

A person detained and subject to removal or deportation, however, is not a "prisoner" under § 1915(h). *Agyeman*, 296 F.3d at 886; *Ojo v. INS*, 106 F.3d 680, 682-83 (5th Cir.1997) (holding that a detainee of the Immigration and Naturalization Service is not a prisoner for purposes of the PLRA filing fee provision); *cf. Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir 2005) ("civil detainee" is not a "prisoner" within the meaning of the PLRA).

Because Plaintiff is currently detained at CAFCC as an immigration detainee, he does not meet the definition of "prisoner" under 28 U.S.C. § 1915(h), and the filing fee provisions of 28 U.S.C. § 1915(b) are not applicable to this case. *Agyeman,* 296 F.3d at

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

886. Therefore, the Court has reviewed Plaintiff's affidavit of assets, just as it would for any other non-prisoner litigant seeking IFP status, and finds it is sufficient to show that he is unable to pay the fees or post securities required to maintain a civil action. *See* S.D. CAL. CIVLR 3.2(d). Accordingly, Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) is GRANTED (ECF No. 2).

## II. Screening of Plaintiff's Complaint

### A. Standard of Review

A complaint filed by *any* person proceeding IFP is subject to sua sponte dismissal, however, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to

the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Plaintiff's Factual Allegations

Plaintiff is a "citizen and national of Honduras" and is currently "attempting to gain asylum" in the United States. Compl. at 3. Defendants are "known to be officers of the U.S. Customs and Border Patrol" and were the "arresting officers of Plaintiff." *Id.*

Plaintiff alleges that he was in Calexico, California on May 28, 2018. *See id.* at 4. Plaintiff claims that he was leaving a "shopping center" when he was "punched in the face with a closed fist by Defendant John Doe #1." *Id.* Plaintiff complied with the order to "lie still on the ground and spread his arms and leg away from his body." *Id.* Plaintiff alleges that "Defendant #2 appears at the scene" and "without any provocation grabs the back of Plaintiff's head, while Plaintiff is lying face down" and "proceeds to slam Plaintiff's head into the concrete." *Id.* at 5. Plaintiff claims he lost consciousness. *See id.*

Plaintiff was later taken to the "intake area of the [Customs and Border Patrol] detention facility" were he was medically examined and later transported to a local hospital. *Id.* at 6. Plaintiff was given pain medication and "diagnosed with a nasal fracture." *Id.* A few days later, Plaintiff was returned to the local hospital where they performed "surgical drainage of [a] hematoma that resulted from the assault." *Id.*

### C. Fourth Amendment claim

Plaintiff alleges his Fourth Amendment rights were violated by the use of excessive force during his arrest. *See Graham v. Connor,* 490 U.S. 386, 394-95 (1989)

(citing *Tennessee v. Garner*, 471 U.S. 1, 7-22 (1985) (claim of excessive force to effect arrest analyzed under a Fourth Amendment standard).

Based on the allegations in Plaintiff's Complaint, the Court finds that Plaintiff's Complaint contains "sufficient factual matter, accepted as true," to state excessive force claims that are "plausible on its face," *Iqbal,* 556 U.S. at 678, and therefore, sufficient to survive the "low threshold" set for sua sponte screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123. "Police use of force is excessive and violates the Fourth Amendment if it's objectively unreasonable under the circumstances." *Zion v. Cty of Orange*, 874 F.3d 1072, 1075 (9th Cir. 2017); *Graham*, 490 U.S. at 388; *Scott v. Harris*, 550 U.S. 372, 383 (2007). The Ninth Circuit "assess[es] reasonableness using the non-exhaustive *Graham* factors: 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Zion*, 874 F.3d at 1075 (quoting *Graham*, 490 U.S. at 396).

Accordingly, the Court will order the U.S. Marshal to effect service upon Defendants on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").[2]

---

[2] However, Plaintiff must identify John Doe #1 and John Doe #2 by name, and amend his Complaint to substitute these individuals as proper parties in place of the Does before the United States Marshal will be able to execute service upon them. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (Doe defendants must be identified and served within [90] days of the commencement of the action against them); Fed. R. Civ. P. 15(c)(1)(C) & 4(m). Generally, Doe pleading is disfavored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). It is in most instances impossible for the United States Marshal to serve a summons and complaint upon a party identified only as a Doe. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant."). The Ninth Circuit authority permits plaintiff the opportunity to pursue appropriate discovery to identify the unknown Does, unless it is clear that discovery would not uncover their identity, or that his Complaint should be dismissed for other

**Conclusion and Orders**

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DENIES** Plaintiff's "Motion to Compel Issuance of a Certified Trust Account Statement from Core Civic" (ECF No. 3) as moot.

3. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and to forward it to Plaintiff along with a blank U.S. Marshal Form 285 for Defendants. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint, and the summons so that he may serve Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285 as completely and accurately as possible and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

4. **DIRECTS** Plaintiff to comply with FED. R. CIV. P. 4(i)(3) which provides that "[t]o serve a United States Officer or employee sued in an individual capacity," a party "must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)."

5. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on the USM Form 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

6. **ORDERS** Defendants, once served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive

---

reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

7. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to FED. R. CIV. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been served on Defendants or their counsel, and the date of that service. *See* S.D. CAL. CIVLR 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon Defendants, may be disregarded.

**IT IS SO ORDERED**.

Dated: January 9, 2019

Hon. Gonzalo P. Curiel
United States District Judge