UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Juan Fernando Mejia Banegas,<br><br>         Plaintiff,<br><br>v.<br><br>John Doe #2, et al.,<br><br>         Defendants. | Case No.: 18-cv-02670-GPC-JLB<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S EX PARTE MOTION FOR EARLY DISCOVERY**<br><br>**[ECF No. 7]** |

Before the Court is Plaintiff Juan Fernando Mejia Benegas' *ex parte* motion for early discovery. (ECF No. 7.) Plaintiff, proceeding *pro se* and *in forma pauperis*, is currently detained in the Central Arizona Florence Correctional Complex in Florence, Arizona as an immigration detainee. Plaintiff seeks the identification of Defendants John Doe #1 and John Doe #2 ("Doe Defendants") and requests that the Court aid him in seeking their identities by allowing him to conduct limited early discovery. For the reasons discussed below, Plaintiff's *ex parte* motion (ECF No. 7) is **DENIED without prejudice**.

## I.  BACKGROUND

On November 23, 2018, Plaintiff filed a complaint alleging the following: Plaintiff is a "citizen and national of Honduras" who is "currently attempting to gain asylum . . . in the United States based on persecution in his home country." (ECF No. 1 at 3.) On May

28, 2018, Plaintiff was leaving a shopping center in Calexico, California when he was suddenly "punched in the face with a closed fist by Defendant John Doe #1" ("Doe Defendant #1"). (*Id.*) Plaintiff then fell to the ground, and Doe Defendant #1 identified himself as a United States Customs and Border Protection[1] ("CBP") officer. (*Id.*) Doe Defendant #1 told Plaintiff to lie still on the ground, and Plaintiff complied. (*Id.* at 4.) Doe Defendant #1 then handcuffed Plaintiff. (*Id.* at 5.) After a few minutes, Defendant John Doe #2 ("Doe Defendant #2") "appear[ed] at the scene," and without provocation by Plaintiff, grabbed the back of Plaintiff's head and slammed it into the concrete, causing Plaintiff to lose consciousness. (*Id.* at 5.)

After an unknown amount of time, Plaintiff regained consciousness and found himself inside of a CBP vehicle. (*Id.*) Doe Defendants #1 and #2 began questioning Plaintiff inside the vehicle, and Plaintiff revealed that he was in the United States "without lawful status." (*Id.*) The Doe Defendants then transferred Plaintiff to a CBP detention facility. (*Id.*)

While at the CBP detention facility, CBP staff noticed that Plaintiff required medical treatment. (*Id.* at 6.) Plaintiff was then transported to a "local hospital" where he was "diagnosed with a nasal fracture." (*Id.*) Plaintiff was "released back into the custody of CBP . . . but returned to the same hospital a few days later for the surgical drainage of [a] hematoma that resulted from the assault." (*Id.*)

In his complaint, Plaintiff alleges that Doe Defendants #1 and #2 violated his Fourth Amendment rights by using excessive force against him during his arrest. (*Id.* at 7–8.) Plaintiff also alleges that Doe Defendants #1 and #2 violated his rights under the "Fifth Amendment: Due Process Clause" by being deliberately indifferent to his serious medical needs while questioning him inside the CBP vehicle. (*Id.* at 9–10.)

///

---

[1] Plaintiff's complaint states that Doe Defendant #1 identified himself as a "United States Customs and Border Patrol" officer. (ECF No. 1 at 4.)

In the instant motion, Plaintiff states that he "has already attempted to . . . obtain some information from the CBP" about the identities of the two Doe Defendants. (ECF No. 7 at 2.) To his motion, Plaintiff attaches a letter sent to him from the CBP Information Center, Compliments and Complaints Branch ("CBP Info Center") made in response to his inquiry. (*Id.* at 6.) In the letter, CBP advises Plaintiff, "[U]nder the Freedom of Information Act (FOIA) guidelines you may ask to receive a copy of any information CBP has on file about you." The letter further advises that an online inquiry is the "most expeditious" way to submit a FOIA request. (*Id.*)

Plaintiff now seeks an order from the Court allowing him to conduct early discovery to obtain the identities of Doe Defendants #1 and #2. (ECF No. 7.) Without the Doe Defendants' identities, Plaintiff is unable to complete a Form 285 to execute service of his complaint, as directed by the Court. (*See* ECF No. 4.)

## II. DISCUSSION

### A. Legal Standard

Generally, Doe pleading is disfavored in federal court. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, when the identities of the defendants are not known before the complaint is filed, the Ninth Circuit permits a plaintiff "an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie*, 629 F.2d at 642); *see also Evans v. Unknown Names of Dep't of Corr. Officers*, No. C03-05420 RMWHRL, 2007 WL 30597, at *2 (N.D. Cal. Jan. 3, 2007) (finding that the interests of justice weighed in favor of permitting the plaintiff to obtain early discovery for the limited purpose of ascertaining the identities of the unknown defendant officers). District Courts typically apply a good cause standard when evaluating requests for early discovery. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002).

///

///

In determining good cause, the court examines whether the plaintiff:

(1) identifies the defendant with sufficient specificity that the court can determine that the defendant is a real person who can be sued in federal court; (2) recounts the steps taken to locate and identify the defendant; (3) demonstrates that the action can withstand a motion to dismiss; and (4) proves that discovery is likely to lead to identifying information that will permit service of process.

*Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999). These four requirements ensure that early discovery "will only be employed in cases where the plaintiff has in good faith exhausted traditional avenues for identifying a civil defendant pre-service." *Id.* at 578.

**B. Analysis**

    i.    <u>Identification of the Defendants with Sufficient Specificity</u>

To establish good cause for early discovery, Plaintiff must first identify the Doe Defendants with sufficient specificity so the Court can determine that they are real persons "who can be sued in federal court . . . [and] ensure that federal requirements of jurisdiction and justiciability can be satisfied." *Columbia*, 185 F.R.D. at 579 (internal citation omitted). Here, Plaintiff alleges in his complaint that he is unaware of the identities of Doe Defendants #1 and #2 but asserts that "as they were the arresting officers of Plaintiff, their identities should be easily determined early in discovery." (ECF No. 1 at 3.) Thus, Plaintiff has specifically identified the Doe Defendants as the two CBP officers who arrested him on May 28, 2018, in Calexico, California. (ECF No. 1 at 3–4.) A subpoena served on the appropriate entity may well reveal the identities of the Doe Defendants. Moreover, as Plaintiff's arrest took place in California, it is likely that the two Doe Defendants routinely work and are domiciled in California. Therefore, this Court likely has personal jurisdiction over the Doe Defendants. Accordingly, the Court finds that Plaintiff has met the first good cause requirement.

///

///

ii. Steps Taken to Locate and Identify the Defendants

Second, Plaintiff must recount the steps he has taken to locate the identities of the Doe Defendants to ensure that he has "made a good faith effort to identify the defendant[s]." *Malibu Media, LLC v. Doe*, No. 3:16-cv-00786-JLS-NLS, 2016 WL 9488778, at *2 (S.D. Cal. May 6, 2016) (citing *Columbia*, 185 F.R.D. at 579). Here, Plaintiff states that he has "attempted to obtain some information from the CBP," seemingly by a complaint made to the CBP Info Center. (ECF No. 7 at 2; *see id.* at 6.) On December 17, 2018, the CBP Info Center sent Plaintiff a letter informing him that he could submit an online request pursuant to the Freedom of Information Act ("FOIA") for "any information CBP has on file about [him]." (*Id.* at 6.) Plaintiff states that because of his detention, he is unable to send e-mails or make phone calls. (*Id.* at 2.) However, Plaintiff fails to explain why he cannot submit a FOIA request online or via mail.[2] Therefore, it appears that Plaintiff has not in good faith exhausted the traditional methods that could uncover the identities of the Doe Defendants. According, the Court finds that Plaintiff has not met the second good cause requirement, and therefore, is not entitled to conduct early discovery at this time.

///

///

---

[2] The Department of Homeland Security provides the following address for FOIA requests submitted to CBP by mail:

> FOIA Officer
> U.S. Customs and Border Protection
> 90 K Street, NW
> 9th Floor, Mail Stop 1181
> Washington, DC 20229

Dep't of Homeland Sec., *FOIA Contact Information*, https://www.dhs.gov/foia-contact-information (last updated Mar. 4, 2019). Also, although Plaintiff asserts that he does not have access to e-mail or a telephone, he does not assert that he lacks internet access to submit an online request. Nor does Plaintiff claim that he needs an e-mail address or a telephone to submit an online FOIA request.

### iii. Survival of a Motion to Dismiss

Although the Court finds that Plaintiff does not meet the second good cause requirement, the Court will nonetheless address the third and fourth requirements, as Plaintiff's motion is denied without prejudice. To meet the third requirement, Plaintiff must demonstrate that his complaint could likely withstand a motion to dismiss. *See Columbia*, 185 F.R.D. at 579–80 ("[The] plaintiff must make some showing that an act giving rise to civil liability actually occurred and that the discovery is aimed at revealing specific identifying features of the person or entity who committed that act."). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In his complaint, Plaintiff alleges that his Fourth Amendment rights were violated by the Doe Defendants' use of excessive force during his arrest. (ECF No. 1 at 7–8.) "Police use of force is excessive and violates the Fourth Amendment if [it is] objectively unreasonable under the circumstances." *Zion v. County of Orange*, 874 F.3d 1072, 1075 (9th Cir. 2017) (citing *Scott v. Harris*, 550 U.S. 372, 383 (2007); *Graham v. Connor*, 490 U.S. 386, 388 (1989)). The Ninth Circuit "assess[es] reasonableness using the non-exhaustive *Graham* factors: 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest of attempting to evade arrest by flight.'" *Id.* (quoting *Graham*, 490 U.S. at 396).

Accepting the facts in Plaintiff's complaint at true, the Court finds that Plaintiff's complaint would likely withstand a motion to dismiss, at least as to his Fourth Amendment excessive force cause of action. As detailed above, Plaintiff alleges that as he was leaving a shopping center in Calexico, California, Doe Defendant #1 punched him in the face without warning, causing him to fall. (ECF No. 1 at 4.) Doe Defendant #1 told Plaintiff to lie still on the ground, and Plaintiff complied. (*Id.*) Doe Defendant #1 then handcuffed Plaintiff's hands behind his back. (*Id.* at 5.) While Plaintiff was lying face down on the

ground in handcuffs, Doe Defendant #2 grabbed Plaintiff's head and slammed it into the concrete, causing Plaintiff to lose consciousness. As these events unfolded, Plaintiff did not provoke the officers or resist arrest and "posed absolutely no threat to [Doe Defendant #2] or others while lying face[]down with his limbs spread away from his body." (*Id.* at 5, 7.) When Plaintiff regained consciousness, he was "in severe pain," and his face was tender and swollen. (*Id.*) Plaintiff's injuries included a broken nose, damage to his teeth, and a hematoma that required surgical drainage. (*Id.* at 6.) Accepting these facts as true, the Court finds it plausible that the Doe Defendants used excessive force while arresting Plaintiff, and thus, Plaintiff's Fourth Amendment cause of action would likely survive a motion to dismiss.[3] Therefore, the Court finds that Plaintiff meets the third good cause requirement.

    iv.    <u>Likelihood of Discovery Leading to Identifying Information</u>

Finally, Plaintiff must demonstrate that discovery is likely to lead to information identifying the two Doe Defendants. *Columbia*, 185 F.R.D. at 580; *Gillespie*, 629 F.2d at 642. Plaintiff argues that discovery would reveal the identities of the two Doe Defendants by means of a subpoena duces tecum requesting, *inter alia*, an arrest report for "Juan Fernando Mejia Banegas," "Juan Fernando Galo Banegas," or Alien Registration Number 201237255, "whose arrest took place at a shopping center in Calexico California," on May 28, 2018, at around 7:00 PM. (ECF No. 7 at 2.) Plaintiff also identifies in his motion the "CBP subdivision responsible for the sector in which he was apprehended." (*Id.*) This information would likely narrow the search for his arrest report or other pertinent documents. As such, a properly issued subpoena duces tecum pursuant to Federal Rule of Civil Procedure 45 containing the facts known to Plaintiff about his arrest would be

---

[3] Plaintiff also alleges that his rights under the "Fifth Amendment: Due Process Clause" were violated by the Doe Defendants' deliberate indifference to his serious medical needs. (ECF No. 1 at 7–8.) Because the Court has determined that Plaintiff's Fourth Amendment excessive force cause of action would likely survive a motion to dismiss, the Court need not determine the sufficiency of Plaintiff's Fifth Amendment cause of action.

reasonably likely to uncover the identities of the two Doe Defendants. Therefore, the Court finds that Plaintiff meets the fourth good cause requirement.

## C. Conclusion

Although Plaintiff meets the first, third, and fourth requirements for early discovery, Plaintiff has failed to show that he has in good faith exhausted the resources available to him that may well uncover the identities of the Doe Defendants. Thus, Plaintiff has not shown the good cause required for early discovery, and the Court must deny his motion at this time. However, as the Court's denial is without prejudice, Plaintiff may refile his motion after he has taken further steps to identify the Doe Defendants (such as by mailing a FOIA request to CBP), if those steps prove unfruitful.

## V. CONCLUSION

For the reasons stated above, Plaintiff's *ex parte* motion for early discovery (ECF No. 7) is **DENIED without prejudice.**

**IT IS SO ORDERED.**

Dated: March 26, 2019

*/s/ Jill Burkhardt*

Hon. Jill L. Burkhardt
United States Magistrate Judge