UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Juan Fernando Mejia Banegas,<br><br>                              Plaintiff,<br>v.<br>John Doe #2, et al.,<br>                             Defendants. | Case No.: 18-cv-02670-GPC-JLB<br><br>**(1) ORDER DENYING PLAINTIFF'S EX PARTE REQUEST FOR EARLY DISCOVERY; AND**<br><br>**(2) REPORT AND RECOMMENDATION FOR ORDER GRANTING PLAINTIFF'S EX PARTE REQUEST TO EXTEND TIME FOR SERVICE OF PROCESS**<br><br>**[ECF No. 9]** |

## I.    ORDER

Before the Court is Plaintiff Juan Fernando Mejia Banegas' *ex parte* request for early discovery. (ECF No. 9.) This request is duplicative of the request Plaintiff constructively filed on January 18, 2019. (ECF No. 7.) For the reasons set forth in the Order denying Plaintiff's parallel request for early discovery, Plaintiff is not entitled to conduct early discovery at this time. (*See* ECF No. 10.) Accordingly, Plaintiff's request for early discovery is **DENIED without prejudice**.

///

1

## II. REPORT AND RECOMMENDATION

Also before the Court is Plaintiff's *ex parte* request for an extension of time to complete service of process. (ECF No. 9.) The Court submits this Report and Recommendation to United States District Judge Gonzalo P. Curiel pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1 of the Local Rules of Practice for the United States District Court for the Southern District of California. After a review of Plaintiff's motion and all supporting documents, the Court **RECOMMENDS** that the District Court **GRANT** Plaintiff's request for an extension of time to complete service of process.

### A. BACKGROUND

#### i. Factual Background

Plaintiff, proceeding *pro se* and *in forma pauperis*, is a federal immigration detainee at the Central Arizona Florence Correctional Complex ("CAFCC") in Florence, Arizona. On November 23, 2018, Plaintiff filed a complaint alleging the following: Plaintiff is a "citizen and national of Honduras" who is "currently attempting to gain asylum . . . in the United States based on persecution in his home country." (ECF No. 1 at 3.) On May 28, 2018, Plaintiff was leaving a shopping center in Calexico, California when he was suddenly "punched in the face with a closed fist by Defendant John Doe #1" ("Doe Defendant #1"). (*Id.*) Plaintiff then fell to the ground, and Doe Defendant #1 identified himself as a United States Customs and Border Protection[1] ("CBP") officer. (*Id.*) Doe Defendant #1 told Plaintiff to lie still on the ground, and Plaintiff complied. (*Id.* at 4.) Doe Defendant #1 then handcuffed Plaintiff. (*Id.* at 5.) After a few minutes, Defendant John Doe #2 ("Doe Defendant #2") "appear[ed] at the scene," and without provocation by Plaintiff, grabbed the back of Plaintiff's head and slammed it into the concrete, causing Plaintiff to lose consciousness. (*Id.* at 5.)

///

---

[1] Plaintiff's complaint states that Doe Defendant #1 identified himself as a "United States Customs and Border Patrol" officer. (ECF No. 1 at 4.)

After an unknown amount of time, Plaintiff regained consciousness and found himself inside of a CBP vehicle. (*Id.*) Doe Defendants #1 and #2 began questioning Plaintiff inside the vehicle, and Plaintiff revealed that he was in the United States "without lawful status." (*Id.*) The Doe Defendants then transferred Plaintiff to a CBP detention facility. (*Id.*)

While at the CBP detention facility, CBP staff noticed that Plaintiff required medical treatment. (*Id.* at 6.) Plaintiff was then transported to a "local hospital" where he was "diagnosed with a nasal fracture." (*Id.*) Plaintiff was "released back into the custody of CBP . . . but returned to the same hospital a few days later for the surgical drainage of [a] hematoma that resulted from the assault." (*Id.*)

In his complaint, Plaintiff alleges that Doe Defendants #1 and #2 violated his Fourth Amendment rights by using excessive force against him during his arrest. (*Id.* at 7–8.) Plaintiff also alleges that Doe Defendants #1 and #2 violated his rights under the "Fifth Amendment: Due Process Clause" by being deliberately indifferent to his serious medical needs while questioning him inside the CBP vehicle. (*Id.* at 9–10.)

### ii. Procedural Background

As stated above, Plaintiff filed his complaint on November 23, 2018. (ECF No. 1.) The same day, Plaintiff also filed a motion to proceed *in forma pauperis*. (ECF No. 2.) On January 9, 2019, Judge Curiel issued an order granting Plaintiff's motion to proceed *in forma pauperis* and directing the U.S. Marshal to effect service of the complaint. (ECF No. 4.)

On January 18, 2019, Plaintiff constructively filed an *ex parte* motion for early discovery, requesting that the Court aid him in seeking the identities of the two Doe Defendants. (ECF No. 7.) On March 26, 2019, the Court denied Plaintiff's motion without prejudice, finding that Plaintiff had failed to exhaust the traditional resources available to him that could possibly uncover the identities of the Doe Defendants. (*See* ECF No. 10.)

Presently before the Court is Plaintiff's request to extend the time for service of process under Federal Rule of Civil Procedure 4(m). (ECF No. 9.) For the reasons

discussed below, the Court recommends that Plaintiff's request to extend the time for service of process under Rule 4(m) be granted.

**B.     DISCUSSION**

   **i.     Legal Standard**

Federal Rule of Civil Procedure 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"At a minimum, 'good cause' means excusable neglect." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). However, "a showing of good cause requires more than simple inadvertence, mistake of counsel, or ignorance of the Rules of Civil Procedure." *Nat'l Union Fire Ins. Co. of Pittsburg v. Monroe*, No. 2:10–cv–00385–GMN–PAL, 2011 WL 383807, at *1 (D. Nev. Feb. 2, 2011) (citing *Martin v. City of Long Beach*, 246 F.3d 674 (9th Cir. 2000); *McGuckin v. Smith*, 974 F.2d 1050 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997)). Nevertheless, even without a showing of good cause, the court has broad discretion under Rule 4(m) to extend time for service. *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001); *accord Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2003); *see also Henderson v. United States*, 517 U.S. 654, 661 (1996) (stating that Rule 4(m)'s time period for service "operates not as an outer limit subject to reduction, but as an irreducible allowance").

   **ii.    Analysis**

      a.    <u>Time for Service</u>

As detailed above, Plaintiff filed his complaint and motion to proceed *in forma pauperis* on November 23, 2019. (ECF Nos. 1, 2.) Because Plaintiff filed a motion to proceed *in forma pauperis*, his complaint was subject to *sua sponte* screening by the Court. 28 U.S.C. § 1915(e)(2)(B). During the screening period, Plaintiff's 90-day time limit for service of process was tolled. *Lucero v. Armale*, 3:17-cv-00957-BTM-RBB, 2018 WL

3064356, at *5 (S.D. Cal. June 21, 2018) ("The Court considers the Rule 4(m) clock tolled while it screens a prisoner's complaint pursuant to 28 U.S.C. § 1915(e)(2) or § 1915A." (citing *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1204 n.8 (9th Cir. 2014)). This screening period lasted until January 9, 2019, when Judge Curiel granted Plaintiff's motion to proceed *in forma pauperis* and ordered the U.S. Marshal to effect service of the summons and the complaint. (ECF No. 4 at 6.) Therefore, the 90-day service period was tolled from November 23, 2018, until January 9, 2019, making April 9, 2019, Plaintiff's deadline for service of process under Rule 4(m).

    b. <u>Good Cause Under Rule 4(m)</u>

Here, the Court finds that Plaintiff has shown good cause for an extension of the April 9, 2019 deadline to serve the Doe Defendants. As stated above, the identities of the two Doe Defendants—the officers who arrested Plaintiff—are currently unknown, making it impossible for Plaintiff to complete service at this time. The Court also recognizes that Plaintiff is both a *pro se* litigant and a federal immigration detainee. As such, the Court must afford Plaintiff "considerable leeway" in determining whether he has shown good cause for an extension of the service deadline. *McGuckin*, 974 F.2d at 1058 ("Courts must apply considerable leeway when assessing whether a *pro se* civil rights litigants' failure to comply strictly with time limits such as those established by Rule 4[m] should be excused for 'good cause,' *especially* when that litigant is incarcerated."). Although the Court denied Plaintiff's first motion for early discovery for lack of good cause under the early discovery standard[2] (*see* ECF No. 10), the Court finds that Plaintiff's filing of two motions for early discovery—for the sole purpose of identifying the Doe Defendants—demonstrates that he has made an effort to gain the information needed to complete service. Plaintiff also states in his motion that he has attempted "to find the identit[ies] of the [Doe]

---

[2] Courts likewise apply a good cause standard when evaluating requests for early discovery. However, the good cause standard for early discovery requires that the plaintiff meet four specific requirements that are inapplicable to the good cause standard under Rule 4(m). *See Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999) (listing good cause requirements for early discovery).

5

Defendants through [sources other than discovery], but has been unable to make a positive identification," and therefore "will hold off on completing the service packet." (ECF No. 9 at 2, 4.) Plaintiff is not averting completing service out of choice. *See Monroe*, 2011 WL 383807, at *1.

Further, the Court denied Plaintiff's first motion for early discovery because Plaintiff failed to show that he had exhausted the traditional resources available to him that could possibly uncover the identities of the Doe Defendants. (ECF No. 10 at 5.) Plaintiff therefore requires additional time to continue seeking the Doe Defendants' identities on his own, and it is unlikely that Plaintiff will be able to identify the Doe Defendants and effectuate service by the April 9, 2019 deadline. Moreover, if Plaintiff's continued efforts to find the Doe Defendants' identities prove unavailing, Plaintiff may need to refile a motion for early discovery, which would further delay service. For these reasons, the Court finds that good cause exists for an extension of the service deadline under Rule 4(m).

### iii. Conclusion

For good cause shown, the Court recommends that Plaintiff's request to extend the 90-day service of process deadline under Rule 4(m) be granted. Given that the Doe Defendants' identities are still unknown, the Court finds that an extension of 90 days is appropriate.

## C. CONCLUSION

For the reasons stated above, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) accepting this Report and Recommendation; and (2) **GRANTING** Plaintiff's request to extend the time for service of process under Federal Rule of Civil Procedure 4(m). The Court **FURTHER RECOMMENDS** that the deadline for Plaintiff to serve Defendants be extended by 90 days.

**IT IS ORDERED** that no later than **April 16, 2019**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

///

1 **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with
2 the Court and served on all parties no later than **April 30, 2019**.  The parties are advised
3 that failure to file objections within the specified time may waive the right to raise those
4 objections on appeal of the Court's order.  *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th
5 Cir. 1991).
6 **IT IS SO ORDERED.**
7 Dated:  March 26, 2019

*[signature]*
Hon. Jill L. Burkhardt
United States Magistrate Judge