UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN FERNANDO MEJIA BANEGAS,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE #1, CBP; JOHN Doe #2, CBP,<br><br>Defendants. | Case No.: 18cv2670-GPB(RBM)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION GRANTING PLAINTIFF AN EXTENSION OF TIME TO SERVE DEFENDANTS AND DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON DEFENDANTS**<br><br>**[ECF Nos. 9, 19.]** |

Juan Fernando Mejia Banegas ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, is currently detained in the Central Arizona Florence Correctional Complex ("CAFCC") in Florence, Arizona as an immigration detainee. On March 26, 2019, the Magistrate Judge filed a report and recommendation that the Court grant Plaintiff's request for extension of time to serve Defendants. (ECF No. 11.)

**Background**

On November 23, 2018, Plaintiff filed a civil rights complaint pursuant to 28 U.S.C. § 1331 against two United States Customs and Border Protection ("CBP") officers concerning an incident on May 28, 2018. (ECF No. 1.) Plaintiff is a "citizen and

1

national of Honduras" who is "currently attempting to gain asylum . . . in the United States based on persecution in his home country." (*Id.* at 3.) On May 28, 2018, Plaintiff was leaving a shopping center in Calexico, California when he was suddenly "punched in the face with a closed fist by Defendant John Doe #1", ("Doe Defendant #1"). (*Id.*) Plaintiff then fell to the ground, and Doe Defendant #1 identified himself as a CBP officer. (*Id.*) Doe Defendant #1 told Plaintiff to lie still on the ground, and Plaintiff complied. (*Id.* at 4.) Doe Defendant #1 then handcuffed Plaintiff. (*Id.* at 5.) Plaintiff complied with all orders and offered no resistance. (*Id.*) After a few minutes, Defendant John Doe #2 ("Doe Defendant #2") "appear[ed] at the scene," and without provocation by Plaintiff, grabbed the back of Plaintiff's head and slammed it into the concrete, causing Plaintiff to lose consciousness. (*Id.*)

After an unknown amount of time, Plaintiff regained consciousness and found himself inside of a CBP vehicle. (*Id.*) Doe Defendants #1 and #2 began questioning Plaintiff inside the vehicle, and Plaintiff revealed that he was in the United States "without lawful status." (*Id.*) The Doe Defendants then transferred Plaintiff to a CBP detention facility. (*Id.*)

While at the CBP detention facility, CBP staff noticed that Plaintiff required medical treatment. (*Id.* at 6.) Plaintiff was then transported to the "emergency department at a local hospital" where he was given pain medication and "diagnosed with a nasal fracture." (*Id.*) He was prescribed "narcotics for pain control and a nasal spray to prevent congestion." (*Id.*) Plaintiff was "released back into the custody of CBP . . . but returned to the same hospital a few days later for the surgical drainage of [a] hematoma that resulted from the assault." (*Id.*)

In his complaint, Plaintiff alleges that Doe Defendants #1 and #2 violated his Fourth Amendment rights by using excessive force against him during his arrest. (*Id.* at 7–8.) Plaintiff also alleges that Doe Defendants #1 and #2 violated his rights under the "Fifth Amendment: Due Process Clause" by being deliberately indifferent to his serious medical needs while questioning him inside the CBP vehicle. (*Id.* at 9–10.)

On January 24, 2019, Plaintiff filed an *ex parte* motion for limited discovery to learn the identity of Defendants. (ECF No. 7.) On March 8, 2018, he also filed a second ex parte motion for limited discovery and also sought an extension of time to complete service. (ECF No. 9.) On March 26, 2019, Magistrate Judge Burkhardt denied Plaintiff's ex parte motion for early discovery because Plaintiff had not shown good cause that he exhausted resources available to him to uncover the identities of Doe Defendants. (ECF No. 10.) The Magistrate Judge also denied Plaintiff's second ex parte motion for early discovery and a report and recommendation that the Court grant Plaintiffs' request for extension of time for service of process. (ECF No. 11.) The Magistrate Judge instructed Plaintiff that he may refile his motion after he has taken further steps to identify the Doe Defendants and those efforts provide unproductive. (ECF No. 10 at 8.)

Pursuant to the Magistrate Judge's order, on April 11, 2019, Plaintiff filed a Freedom of Information Act ("FOIA") request in a letter dated April 2, 2019. (ECF No. 13.) On May 15, 2019, Plaintiff filed a notice of filing of service packet. (ECF No. 15.) In his notice, Plaintiff states he never received a response to his FOIA request but he reached out to his prior counsel at Federal Defenders of San Diego, Inc. who identified the names of the Doe Defendants as Michael Mansfield and Jose Meza. (Id.)

The summons was returned unexecuted as to both Michael Mansfield and Jose Meza, US CBP Calexico Station, 1150 Birch Street, Calexico, CA 92231 indicating "Business is closed down permanently." (ECF Nos. 20, 21.) According to the CBP website, the Calexico station is listed with an address of 1150 Birch Street, Calexico, CA 92231. *See* https://www.cbp.gov/border-security/along-us-borders/border-patrol-sectors/el-centro-sector-california/calexico-station. However, that location is permanently closed and has been relocated to 536 Barbara Worth Road, Calexico, CA 92231. Because the USM Form 285 listed an incorrect address of the Calexico station where Defendants work, the Court ADOPTS the recommendation of the Magistrate Judge and GRANTS Plaintiff's request to extend time to service under Rule 4(m) for 90 days from the filed date of this Order.

**Conclusion**

Based on the above, the Court ADOPTS the Magistrate Judge's report and recommendation and GRANTS Plaintiff 90 days from the date of this Order to serve Defendants.

IT IS ALSO HEREBY ORDERED that the Clerk of Court shall re-issue a summons as to Plaintiff's Complaint, (ECF No. 1), and fill out two U.S. Marshal Form 285 as to Michael Mansfield and Jose Meza with an address of CPB Calexico Station, 536 Barbara Worth Road, Calexico, CA 92231.

The Court FURTHER DIRECTS the Clerk to provide the U.S. Marshal with a certified copy of this Order, a certified copy of his Complaint, the summons, and the two U.S. Marshal Form 285.

The U.S. Marshal is ORDERED to serve a copy of the Complaint and summons upon Defendants as directed on the USM Form 285. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

IT IS SO ORDERED.

Dated: September 4, 2019

Hon. Gonzalo P. Curiel
United States District Judge