UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN FERNANDO MEJIA BANEGAS,<br><br>                                    Plaintiff,<br><br>v.<br><br>JOHN DOE #1, CBP; JOHN DOE # 2,<br>CBP,<br><br>                                    Defendants. | Case No.:  3:18-cv-2670-GPC-RBM<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE RE: (1) DISSOLVING ORDER TO SHOW CAUSE ; (2) GRANTING PLAINTIFF ADDITIONAL TIME TO FILE AND SERVE AMENDED COMPLAINT; AND (3) DIRECTING CLERK OF COURT TO ISSUE CIVIL RIGHTS/BIVENS COMPLAINT TO PLAINTIFF**<br><br>**AND**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[Docs. 32, 33, 36 ]** |

## I.    **INTRODUCTION**

On November 23, 2018, Plaintiff Juan Fernando Mejia Banegas ("Plaintiff") filed a civil rights complaint against two John Doe defendants (collectively "Doe Defendants")

allegedly employed by U.S. Customs and Border Protection ("CBP"). (Doc. 1.)  He is proceeding pro se and in forma pauperis ("IFP").  (Docs. 1, 4.)  On January 31, 2020, after Plaintiff identified the names of the two CBP officer defendants, the undersigned directed Plaintiff to file a first amended complaint ("FAC") substituting the Doe Defendants for the now-identified officers so that proper service could be effectuated.  (Doc. 31.)  The undersigned granted Plaintiff sixty (60) days to file an FAC, which elapsed on March 30, 2020.  (*Id.*)  Plaintiff did not timely file an FAC.  On June 29, 2020, District Judge Gonzalo P. Curiel ordered Plaintiff to show cause ("OSC") why the case should not be dismissed for failure to prosecute.  (Doc. 32.)  Plaintiff filed a response to the OSC and subsequently filed a motion for appointment of counsel.  (Docs. 33, 36.)  Both filings raise the same issue: Plaintiff requests the Court to appoint counsel to represent him.  (Docs. 33, 36.)

Plaintiff's motion for appointment of counsel was referred to the undersigned.  After a thorough review of the motion for appointment of counsel, the undersigned does not find exceptional circumstances exist to justify appointment of counsel at this time. Accordingly, Plaintiff's motion is **DENIED, WITHOUT PREJUDICE**.   The issues presented in Plaintiff's response to the OSC was also referred to the undersigned for Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(B); CivLR 72.1(c).  After a thorough review of the pleadings and Plaintiff's response to the OSC, the undersigned respectfully **RECOMMENDS** the order to show cause (Doc. 32) be **DISSOLVED**, and the Court **GRANT** Plaintiff an additional sixty (60) days to file an amended complaint.  To the extent Plaintiff files an amended complaint, the undersigned further **RECOMMENDS** that the Court **GRANT** Plaintiff sixty (60) days to serve the named defendants pursuant to Fed. R. Civ. P. Rule 4(m), which shall run from the date the amended complaint is filed.

## II.   BACKGROUND & PROCEDURAL HISTORY

This Order incorporates the background and procedural history as set forth in the Court's September 4, 2019 and January 31, 2020 orders.  (Docs. 22, 31.)

/ / /

/ / /

2

### A. Complaint's Allegations Against Doe Defendants

Plaintiff's complaint alleges he is a "citizen and national of Honduras" who is seeking asylum in the United States. (Doc. 1 at 3.) On May 28, 2018, Plaintiff allegedly left a shopping center in Calexico, California, when he was suddenly "punched in the face with a closed fist" by Doe Defendant No. 1. (*Id.* at 4.) Plaintiff then fell to the ground, and Doe Defendant No. 1 identified himself as a CBP officer. (*Id.*) Doe Defendant No. 1 told Plaintiff to lie still on the ground, and Plaintiff complied. (*Id.*) Doe Defendant No. 1 then handcuffed Plaintiff. (*Id.* at 5.) Plaintiff allegedly complied with all orders and offered no resistance. (*Id.*) After a few minutes, Doe Defendant No. 2 allegedly "appear[ed] at the scene," and without provocation by Plaintiff, grabbed the back of Plaintiff's head and slammed it into the concrete, causing Plaintiff to lose consciousness. (*Id.*)

After an unknown amount of time, Plaintiff regained consciousness and found himself inside of a CBP vehicle. (*Id.*) The Doe Defendants began questioning Plaintiff inside the vehicle, and Plaintiff admitted he was in the United States "without lawful status." (*Id.*) The Doe Defendants then transferred Plaintiff to a CBP detention facility. (*Id.*)

While at the CBP detention facility, CBP staff noticed Plaintiff required medical treatment and subsequently transported Plaintiff to an emergency room at a local hospital. (*Id.* at 6.) Plaintiff was diagnosed with a nasal fracture and prescribed narcotics for pain control. (*Id.*) After being released back to CBP, Plaintiff "returned to the same hospital a few days later for . . . surgical drainage of [a] hematoma that resulted from the assault." (*Id.*)

Plaintiff alleges the Doe Defendants violated his Fourth Amendment rights by using excessive force during his arrest. (*Id.* at 7-8.) Additionally, Plaintiff alleges the Doe Defendants acted with deliberate indifference to his serious medical needs while Defendants questioned Plaintiff. (*Id.* at 9-10.)

/ / /

At the time the Court issued its order granting Plaintiff's IFP Motion, the Court cautioned Plaintiff that he "must identify [the Doe Defendants] by name, and amend his Complaint to substitute these individuals as proper parties in place of the Does before the United States Marshal will be able to execute service upon them." (Doc. 4 at 5, n. 2 (citations omitted).)

**B.**    **Attempt to Effectuate Service of Process Upon Identified Officers**

On May 14, 2019, Plaintiff filed a Notice of Filing of Service Packet alleging the identities of the Doe Defendants as Michael Mansfield ("Mansfield") and Jose Meza ("Meza"). (Doc. 15.) However, Plaintiff alleges he "is not exactly certain as to which Defendant is [Doe Defendant No. 1] and [Doe Defendant No. 2] . . . [and] will therefore leave the Caption as Doe Defendants at this time, expecting to clarify which Defendant is which, early in discovery." (*Id.* at 1.)

Plaintiff attempted to serve Mansfield and Meza *before* amending his complaint and naming these individuals as defendants. In August and September 2019, Plaintiff filed summonses addressed to Meza and Mansfield at 1150 Birch Street, Calexico, CA 92231, all of which were returned unexecuted stating "[b]usiness is closed down permanently."[1] (Docs. 16-17, 20-21.) On September 4, 2019, Judge Curiel granted Plaintiff up through December 4, 2019 to serve Defendants and directed the Clerk of Court to re-issue summonses to Plaintiff's complaint and address U.S. Marshal Form 285 to Mansfield and Meza. (Docs. 11, 22.) On October 10, 2019, Plaintiff filed the summonses addressed to Mansfield and Meza, which were returned executed. (Docs. 26-27.) However, the U.S. Attorney contends service is ineffective, because neither individual is a named defendant. (Doc. 29.) Nonetheless, the U.S. Attorney states, "[i]f and when [Mansfield] and/or [Mesa]

_____

[1]   According to the CBP website, the Calexico station is listed with an address of 1150 Birch Street, Calexico, CA 92231. *See* https://www.cbp.gov/border-security/along-us-borders/border-patrol-sectors/el-centro-sector-california/calexico-station (last visited Sept. 21, 2020). However, that location is permanently closed and has been relocated to 536 Barbara Worth Road, Calexico, CA 92231.

4

[are] name[d] as defendants in this case, Plaintiff's designated process server is invited to contact [the U.S. Attorney] to facilitate service of the summons and complaint."[2]  (*Id.* at 2.)

As stated above, the undersigned directed Plaintiff to file an FAC on or before March 30, 2020, substituting the identified officers for the Doe Defendants. (Doc. 31.)  Plaintiff did not file an FAC as directed.  Judge Curiel ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute.  (Doc. 32.)

**III.   RESPONSE TO OSC & MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff's response to the OSC contends this case should not be dismissed because he is mentally incompetent and requires the assistance of counsel to effectively litigate his case.  (Doc. 33 at 1-4.)

Plaintiff has been in immigration custody since May 28, 2018.  (*Id.* at 1.)  He has been detained at the Eloy Detention Center in Eloy, Arizona since November 2019.  (*Id.*)  Plaintiff alleges a detainee at another facility assisted him with drafting the initial complaint, but he "has no one at Eloy to help him write an amended Complaint, conduct discovery, file pleadings, or try the case." (*Id.* at 2.)  However, Plaintiff received assistance in drafting his response to the OSC and motion for appointment of counsel. (*Id.*)

Plaintiff attached an order from Immigration Court where the court found Plaintiff "mentally incompetent to represent himself," and ordered a qualified representative to be provided to Plaintiff through the Executive Office for Immigration Review's National Qualified Representative Program.  (*Id.* at Ex. B, p. 10.)  Plaintiff also attached medical records indicating Plaintiff suffers from schizophrenia and psychosis.  (*Id.* at Ex. A, pp. 7-9.)  Plaintiff also alleges he has a petition for review pending before the Ninth Circuit, where the Court appointed counsel for him under the Court's pro bono program.  (*Id.* at 3.)

---

[2] The U.S. Attorney spells Mesa's name differently than Plaintiff.  (*Compare* Doc. 15 *with* Doc. 29.)

Plaintiff also alleges Eloy Detention Center has a coronavirus outbreak, which makes it difficult to research, file pleadings, and litigate this case.  (*Id.*)

Plaintiff's motion for appointment of counsel incorporates by reference the foregoing allegations contained in his response to the OSC.  (Doc. 36.)  He alleges he "does not have a basic understanding of court proceedings or the roles of a judge and a lawyer."  (*Id.* at 2.)  He has not been able to secure volunteer or retained counsel.  (*Id.* at 3.)  He alleges, "[u]nless counsel is provided, [he] will simply be unable to investigate or litigate this case."  (*Id.*)  Plaintiff contends that his case has merit, as evidenced by the medical records documenting his injuries.  (*Id.*)

## IV.   **DISCUSSION**

### A.   **Motion for Appointment of Counsel**

#### i.   *Applicable Law*

Generally, a person has no right to court-appointed counsel in civil actions.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (finding no abuse of discretion in denying appointment of counsel in civil rights action, citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)).  However, pursuant to 28 U.S.C. § 1915(e)(1), a court may appoint counsel for indigent civil litigants under "exceptional circumstances."  *Palmer*, 560 F.3d at 970 (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005)).  In determining whether "exceptional circumstances" exist, the court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."  *Palmer*, 560 F.3d at 970 (citing *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  Neither of these considerations is dispositive but instead must be viewed together.  *Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Only "rarely" will a federal court find a case to be so complex that it is appropriate to appoint counsel for a civil litigant who faces no loss of liberty in the controversy at hand.

*See Dotson v. Doctor*, No. 1:14-CV-00093-LJO-SKO, 2014 U.S. Dist. LEXIS 72791, at *1 n.1 (E.D. Cal. May 27, 2014) ("[c]ounsel is appointed in civil cases only rarely, if exceptional circumstances exist"); *United States v. Melluzzo*, No. CV-09-8197-PCT-MHM, 2010 U.S. Dist. LEXIS 53053, at *3 (D. Ariz. May 3, 2010); *see also Schwartzmiller v. Roberts*, No. 93-1276-FR, 1994 U.S. Dist. LEXIS 1620, at *3 n.1 (D. Or. Feb. 11, 1994). This includes civil rights litigation involving Fourth Amendment excessive force allegations brought pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Marquez v. Scott*, No. 13-CV-2507-BEN-BLM, 2014 U.S. Dist. LEXIS 37684, at *6 (S.D. Cal. Mar. 19, 2014) (denying motion for appointment of counsel in excessive force action, in part, due to relatively straightforward nature of the Fourth Amendment excessive force allegations).

### ii.    *No Exceptional Circumstances Exist to Justify Appointment of Counsel*

Here, there are no "exceptional circumstances" to justify appointment of counsel at this time. Litigation is in its early stages. The two identified CBP officers have yet to be substituted as defendants, much less file a responsive pleading. (Docs. 1, 31, 32.) At the initial pleading stage, it is difficult to determine Plaintiff's likelihood of success on the merits of his claims. To the extent this case proceeds beyond summary judgment, the Court will be in a better position to make such determination.

As in *Marquez*, Plaintiff's Fourth Amendment allegations are not sufficiently complex to warrant appointment of counsel. *See Marquez*, 2014 U.S. Dist. LEXIS 37684, at *6. Although Plaintiff claims he lacks an understanding of legal proceedings and suffers from a mental illness, Plaintiff demonstrated literacy and an ability to communicate through pleadings and motions to sufficiently articulate his claims pro se. (Docs. 1, 33, 36); *see Palmer*, 560 F.3d at 970 (affirming denial of appointment of counsel where a plaintiff demonstrates ability to effectively present case). In all of Plaintiff's filings to date, he demonstrates an ability to articulate essential facts to support his claims and/or arguments. (Docs. 1, 33, 36.) For example, Plaintiff's response to the OSC attaches as

1   exhibits medical records and an immigration court order to support his allegations that he

2   lacks mental capacity.  (Doc. 33 at 6-10.)  Additionally, Plaintiff's complaint survived the

3   initial screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A, which further evidences

4   his ability to articulate his claims pro se.

5          In considering the nature of Plaintiff's claims together with Plaintiff's ability to

6   articulate the same, the undersigned does not find exceptional circumstances exist to justify

7   appointment of counsel at this time.  If this case proceeds beyond summary judgment, the

8   Court may consider appointment of trial counsel.

9          **B.     Plaintiff's Response to OSC**

10         Notably, Plaintiff's response to the OSC was timely filed and explained why he had

11  not timely filed an FAC in compliance with the undersigned's January 31, 2020 order.

12  (Doc. 33.)  Plaintiff is detained and proceeding pro se, and he alleges he lacks legal

13  knowledge to competently represent himself.  (*Id.* at 1-2.)  Plaintiff further alleges the

14  ongoing COVID-19 pandemic makes it difficult for him to litigate.  (*Id.* at 3.)  Plaintiff

15  requests that the Court not dismiss his case.  (*Id.*at 4.)  He further requests the Court appoint

16  counsel and grant him an additional sixty days to file an FAC.  (*Id.*)  To the extent Plaintiff's

17  response to the OSC is construed as a motion for appointment of counsel, such request is

18  denied.  *See supra* pp. 6-7.

19         Properly naming all parties in a complaint ensures timely service of the summons

20  and complaint pursuant to Fed. R. Civ. P. 4(m), which requires service to be accomplished

21  within ninety days after the complaint is filed.  If service is not accomplished within ninety

22  days, the Court must dismiss the action without prejudice or order that service be made

23  within a specified time.  *See* Fed. R. Civ. P. 4(m).  If plaintiff establishes good cause for

24  the failure to effectuate timely service, the Court is required to extend the time for service.

25  *Id.*  The Court has broad discretion to extend the time for service and may consider factors

26  such as actual notice of a lawsuit, prejudice to the defendant or eventual service.  *See Efaw*

27  *v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (citation and internal quotation marks

28  omitted).

Although Plaintiff has yet to name Mansfield and Meza as defendants in an amended complaint, it appears these officers are on notice of the allegations in the complaint such that they will not suffer any prejudice from a delay in service. *See supra* pp.4-5; (Docs. 26-27, 29); *see Efaw*, 473 F.3d at 1041.   Given the ongoing COVID-19 pandemic, Plaintiff's pro se circumstances, and the CBP officer defendants' actual notice of the lawsuit, good cause exists to extend the time for Plaintiff to file and serve an amended complaint pursuant to Fed. R. Civ. P. 4(m). *See Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (stating "strict time limits . . . ought not to be insisted upon where restraints resulting from a pro se prisoner plaintiff's incarceration prevent timely compliance with court deadlines.") (internal quotations and citations omitted).   As such, the undersigned recommends that the OSC be dissolved and Plaintiff be granted additional time to file and serve an amended complaint.

## V.   **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for appointment of counsel is **DENIED, WITHOUT PREJUDICE**.

Additionally, the undersigned submits a Report and Recommendation as to the June 29, 2020 Order to Show Cause to United States District Judge Gonzalo P. Curiel under 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1(c) of the United States District Court for the Southern District of California.   The undersigned respectfully **RECOMMENDS** that:

1.   The order to show cause (Doc. 32) be **DISSOLVED**;

2.   The Court **GRANT** Plaintiff an additional **sixty (60) days to file an amended complaint** substituting the Doe Defendants for the individual defendants identified by Plaintiff;

3.   To the extent Plaintiff files an amended complaint, the Court **GRANT** Plaintiff sixty (60) days to serve the named defendants pursuant to Rule 4(m), Fed. R. Civ. P., which shall begin running from the date the amended complaint is filed;

/ / /

/ / /

9

4. The Court **DIRECT** the Clerk of Court to issue a civil rights/*Bivens* form complaint to Plaintiff, along with a copy of Plaintiff's initial complaint (Doc. 1), to his address of record; and

5. The Court **NOTIFY** the Clerk of Court that, upon Plaintiff's filing of an amended complaint, the Court will issue separate orders directing the Clerk of Court to issue a summons as to Plaintiff's amended complaint and directing the U.S. Marshals Service to contact the U.S. Attorney's Office to effectuate service of the summons and amended complaint consistent with the U.S. Attorney's agreement. (*See* Doc. 29.)

As to the Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties on or before **October 6, 2020**. The document should be captioned "Objections to Report and Recommendation." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED**.

DATE: September 22, 2020

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE