1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10

11   JUAN FERNANDO MEJIA BANEGAS,         Case No.: 18-cv-2670-GPC-RBM

12                          Plaintiff,    **ORDER ADOPTING REPORT AND**
                                          **RECOMMENDATION, AND (1)**
13   v.                                   **DISSOLVING ORDER TO SHOW**
                                          **CAUSE; (2) GRANTING PLAINTIFF**
14   JOHN DOE #1, CBP; JOHN DOE #2,        **ADDITIONAL TIME TO FILE AND**
     CBP,                                 **SERVE AMENDED COMPLAINT;**
15                                        **AND (3) DIRECTING CLERK OF**
                          Defendants.     **COURT TO PROVIDE CIVIL**
16                                        **RIGHTS/BIVENS FORM**
                                          **COMPLAINT TO PLAINTIFF**
17

18                                        **[ECF No. 37]**

19

20

21        Upon Plaintiff not filing a timely amended complaint, this Court issued Plaintiff an

22   Order to Show Cause ("OSC") why the case should not be dismissed for failure to

23   prosecute.  ECF No. 32.  Plaintiff filed a timely Response to the OSC.  ECF No. 33.

24   After the issue was referred to Magistrate Judge Ruth Bermudez Montenegro pursuant to

25   28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 72.1(c), the Magistrate Judge submitted a

26   Report and Recommendation ("R&R") on September 23, 2020.  ECF No. 37.  The R&R

27                                        1

28                                                            18-cv-2670-GPC-RBM

1  recommended to: dissolve the OSC, grant Plaintiff an additional sixty days to file an
2  amended complaint, and grant Plaintiff sixty days to serve the named defendants (which
3  shall run from the date the amended complaint is filed). *Id.* No objection to the R&R
4  was filed. After consideration of the record and applicable law, and for the reasons
5  provided below, the Court **ADOPTS** the Magistrate Judge's Report and
6  Recommendation in its entirety.

## BACKGROUND

8  Plaintiff has generally alleged that two John Doe Defendants (collectively "Doe
9  Defendants") who are U.S. Customs and Border Protection ("CBP") officers used
10  excessive force in violation of his Fourth Amendment rights, and acted with deliberate
11  indifference to his serious medical needs. *See* Compl., ECF No. 1. Specifically, John
12  Doe #1 allegedly "punched [Plaintiff] in the face with a closed fist," and John Doe #2
13  allegedly grabbed the back of Plaintiff's head and slammed it into the concrete, causing
14  Plaintiff to lose consciousness. *Id.* at 4, 5.[1] The Court has cautioned Plaintiff that he
15  "must identify John Doe #1 and John Doe #2 by name, and amend his Complaint to
16  substitute these individuals as proper parties in place of the Does." Order Granting Mot.
17  for Leave, ECF No. 4 at 5 n.2.

18  On May 14, 2019, Plaintiff filed a Notice of Filing of Service Packet. ECF No. 15.
19  In the Notice, Plaintiff alleged the identities of the Doe Defendants as Michael Mansfield
20  ("Mansfield") and Jose Meza ("Meza"). *Id.* However, Plaintiff could not identify which
21  person corresponded to John Doe #1 or #2 and "will therefore leave the Caption as Doe
22  Defendants at this time, expecting to clarify which Defendant is which, early in
23  discovery." *Id.* at 1.

---

26  [1] References to specific page numbers in a document filed in this case correspond to the
    page numbers assigned by the Court's Electronic Case Filing ("ECF") system.

1    While Plaintiff attempted to serve the Doe Defendants, the summonses were
2  returned unexecuted because the CBP station where the summonses were sent to has
3  "closed down permanently."  ECF Nos. 16, 17, 20, 21.  On September 4, 2019, this Court
4  granted Plaintiff up through December 4, 2019 to serve the Doe Defendants, and directed
5  the Clerk of Court to re-issue summonses to Plaintiff's Complaint and address U.S.
6  Marshal Form 285 to Mansfield and Meza.  ECF No. 22.  On October 10, 2019, Plaintiff
7  filed the summonses addressed to Mansfield and Meza, which were returned executed.
8  ECF Nos. 26, 27.  However, on December 4, 2019, the U.S. Attorney contended that the
9  service is ineffective because neither individual is a named defendant.  Notice of
10  Defective Service, ECF No. 29.  The U.S. Attorney further stated that if and when
11  Mansfield and/or Meza are named as defendants in this case, "Plaintiff's designated
12  process server is invited to contact the undersigned to facilitate service of the summons
13  and complaint."  *Id.* at 2.

14    On January 31, 2020, the Magistrate Judge directed Plaintiff to file an amended
15  complaint that substituted the identified officers for the Doe Defendants, the deadline for
16  filing being sixty days from the date of the order.  ECF No. 31.  Plaintiff did not file an
17  amended complaint as directed, and the Court ordered Plaintiff to show cause why the
18  case should not be dismissed for failure to prosecute.  ECF No. 32.

19    Plaintiff filed a timely Response to the OSC, which states: "Due to the lack of legal
20  assistance, his mental illness, his lack of understanding of legal processes, and conditions
21  at the Eloy Detention Center [where Plaintiff is currently detained], [Plaintiff] has not
22  been able to file a timely amended Complaint."  ECF No. 33 at 4.  Specifically, Plaintiff
23  argued that he does not understand legal proceedings, including the process of preparing
24  an amended complaint.  *Id.* at 2.  "He has no one at Eloy to help him write an amended

25
26
27
28

3

Complaint, conduct discovery, file pleadings, or try the case."[2]  *Id.*  Plaintiff has attempted to find counsel but with no success.  *Id.* at 4.  In support of his mental illness, Plaintiff attached medical records (indicating that he suffers from schizophrenia and psychosis) and an order from the Immigration Court.  *Id.* at 7–10.  Finally, Plaintiff alleged that the Eloy Detention Center has a coronavirus outbreak, making it difficult to research, file pleadings, and litigate this case.  *Id.* at 3–4.  For such reasons, Plaintiff requested that the Court not dismiss the case, and instead allow sixty days to file an amended complaint after appointment of counsel.[3]  *Id.* at 4.

## DISCUSSION

The R&R generally discussed that, considering Plaintiff's circumstances described in his Response, there is good cause to extend time for Plaintiff to file and serve an amended complaint.  ECF No. 37.  The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  No party filed an objection to the R&R.

The Court agrees with the Magistrate Judge's R&R.  Properly naming all parties in a complaint ensures timely service of the summons and complaint, and if service is not accomplished within ninety days, the court must dismiss the action without prejudice or order that service be made within a specified time.  *See* Fed. R. Civ. P. 4(m).  At the same time, if plaintiff establishes good cause for the failure of timely service, the court must extend the time for service.  *Id.*  The court has broad discretion to extend the time for service, and may consider factors such as actual notice of a lawsuit, prejudice to

---

[2] Plaintiff drafted the initial Complaint at a different facility where fellow detainees assisted him.  He received help "for the limited purpose of drafting this Response and the Motion for Appointment of Counsel."  ECF No. 33 at 2.

[3] The Magistrate Judge denied Plaintiff's request to appoint counsel.  R&R, ECF No. 37 at 6–8.

4

defendant, or eventual service.  *See Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (citation omitted).

The Court finds good cause for Plaintiff's failure of timely service.  Plaintiff's timely Response to the OSC explained why he had not filed an amended complaint in compliance with the Magistrate Judge's Order.  Plaintiff is detained and proceeding pro se, and alleges lack of legal knowledge and mental fitness to competently represent himself.  Pl.'s Resp., ECF No. 33 at 1–2.  He has attempted to seek counsel but with no success.  *Id.* at 4; *see also* R&R, ECF No. 37 at 6–8 (denying Plaintiff's motion for appointment of counsel).  In addition, Plaintiff alleges that the COVID-19 pandemic makes it difficult for him to litigate.  Pl.'s Resp., ECF No. 33 at 3–4.  It is unlikely that the CBP officers will suffer prejudice from a delay in service—it appears that they have been on notice of the allegations in the Complaint.  *See* Summons, ECF Nos. 26, 27; Notice of Defective Service, ECF No. 29; *cf. Efaw*, 473 F.3d at 1041 (discussing defendant's actual notice of the lawsuit as a factor to extend service time).  As such, granting Plaintiff additional time to file and serve an amended complaint is appropriate. *Cf. Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (discussing how "strict time limits . . . ought not to be insisted upon where restraints resulting from a pro se prisoner plaintiff's incarceration prevent timely compliance with court deadlines" (alteration in original) (citation and quotations omitted)).

## CONCLUSION

For reasons discussed above, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation.  **IT IS HEREBY ORDERED:**

1.    The Court's Order to Show Cause, ECF No. 32, is **DISSOLVED**;

2.    The Court **GRANTS** Plaintiff an additional sixty (60) days from the date of this Order to file an amended complaint that substitutes the Doe Defendants for the

18-cv-2670-GPC-RBM

individual defendants identified by Plaintiff.  Specifically, **the amended complaint must be filed on or before December 22, 2020**; and

3.     To the extent Plaintiff files an amended complaint, the Court **GRANTS** Plaintiff sixty (60) days to serve the named defendants pursuant to Federal Rule of Civil Procedure 4(m), which shall begin running from the date the amended complaint is filed.

**IT IS FURTHER ORDERED:**

1.     The Court **DIRECTS** the Clerk of Court to provide a civil rights/*Bivens* form complaint to Plaintiff, along with a copy of Plaintiff's initial Complaint, ECF No. 1, to his address of record; and

2.     The Court **NOTIFIES** the Clerk of Court that, upon Plaintiff's filing of an amended complaint, the Court will issue separate orders directing the Clerk of Court to issue a summons as to Plaintiff's amended complaint and directing the U.S. Marshals Service to contact the U.S. Attorney's Office to effectuate service of the summons and amended complaint, consistent with the U.S. Attorney's agreement.  *See* Notice of Defective Service, ECF No. 29.

**IT IS SO ORDERED.**

Dated:  October 23, 2020

Hon. Gonzalo P. Curiel
United States District Judge

6

18-cv-2670-GPC-RBM